JACOB FRANK, RESPONDENT, v. JOSEPH J. DAILY ET AL.,
TRADING AS CHELSEA TIRE AND REPAIR COMPANY,
APPELLANTS.

Submitted August 3, 1918—Decided March 4, 1919.

Defendants appealed from a judgment against them in a District
Court, and there being no disputed question of fact, this court
reversed the judgment below and ordered a judgment final in this
court in favor of the defendants. *Held,* that in such a case the
appellate court ought not, in the exercise of discretion, withhold
from the defendants, the prevailing party, the costs of the appeal
under a statute providing that the prevailing party in any action
at law shall be entitled to costs, unless the court should order
otherwise.

On motion for allowance of costs.

Before Justices BERGEN, KALISCH and BLACK.

For the motion, *Lee F. Washington.*

*Contra, Endicott & Endicott.*

The opinion of the court was delivered by.

BERGEN, J.   The defendants having seized an automobile
for a lien for repairs under "An act for the better protection
of garage keepers and automobile repairmen" (*Pamph. L.*
1915, *p.* 556), the plaintiff, the owner, brought an action in
replevin in a District Court and recovered, from which re-
sult in the trial court defendants appealed. There was no
dispute as to the facts, and the legal propositions advanced
by plaintiffs being, in the opinion of the Supreme Court, un-
sound, it reversed the judgment, and, following *Taylor* v.
*Reed,* 68 *N. J. L.* 178, and *Sullivan* v. *Visconti, Id.* 543,
ordered judgment final to be entered in that court in favor
of the defendants who now apply for an order allowing costs
of the appeal in this court.

In *Lehigh Valley Railroad Co.* v. *McFarland,* 44 *N. J. L.* 674, the Court of Errors and Appeals held that there being no statute giving costs on error, they were not recoverable, notwithstanding a rule of the court provided that the prevailing party should be considered as recovering costs unless the court, in express terms, adjudged to the contrary, holding that the rule only applied to cases where costs were recoverable by statute. But since that case was decided the legislature has enacted (*Pamph. L.* 1911, *p.* 756) that "the prevailing party in any action, motion or proceeding in the courts of law of this state shall be entitled to costs, except where otherwise provided by law, and unless the court or judge before whom such action, motion or proceeding shall be taken shall order otherwise." Thus we now have a statute which allows the prevailing party costs unless the court shall exercise its discretion to withhold them. This statute has been construed in *Lynch* v. *Public Service Railway Co.,* 83 *N. J. L.* 783, and it was there held that when the reversal is due solely to a mistake by the trial judge, and does not finally determine any issue but leaves the parties where they were before the trial, it was a proper exercise of the power to withhold costs, and, consequently, it was determined that where the reversal resulted in a *venire de novo* costs of the appeal would not be awarded.

In the case under consideration there was no *venire de novo* awarded; the parties were not left as they were before the trial, because the issues between them were determined, and a judgment final entered for the defendants. Certainly, in such a case the defendants are a prevailing party, and, under such circumstances, the court ought not to exercise its discretion to withhold costs from the prevailing party. Under this statute the prevailing party is entitled to costs unless this court shall otherwise order, and we are of opinion that in this case we should not otherwise order. The motion is granted.